UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEPHANY WEBSTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 22-CV-239-TCK-SH |
| FAIRWAY MANAGEMENT, INC., et al., ) | |
| ) | |
| Defendants ) | |

## OPINION AND ORDER

This case arises from a rental dispute between plaintiff Stephany Webster (Webster or Plaintiff), a senior-citizen female diagnosed with several physical and mental disabilities, and defendants Fairway Management, Inc. (Fairway Management), Walnut Park Manor, L.P. (Walnut Park), and JES Holdings, LLC (JES, collectively Defendants). Webster's complaint asserts ten claims for relief against all three Defendants under various legal theories, including violations of the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*; violation of the Rehabilitation Act of 1973, 29 U.S.C. § 504; violation of the Violence Against Women Act (VAWA), 34 U.S.C. § 12491; and state-law claims for breach of contract, fraud, and violation of the Oklahoma Consumer Protection Act. (Doc. 2).

Defendant JES filed a motion to dismiss for failure to state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 12). Fairway Management and Walnut Park filed an answer, and Walnut Park filed a counterclaim against Plaintiff. (Docs. 11, 14). The counterclaim alleges breach of contract for an as yet unknown sum of money, and it also seeks declaratory judgment regarding Webster's obligations for water and sewer bills under her lease agreement with Walnut Park. (*Id.* at 12-13). Webster filed a response to JES's motion to dismiss (Doc. 18) and also a motion to dismiss the counterclaim. (Doc. 21). Webster's motion to dismiss is brought under Fed. R. Civ. P.

12(b)(1) and (6), asserting that this Court lacks subject matter jurisdiction over the counterclaim and that the counterclaim fails to state a claim upon which relief may be granted. (Doc. 21). Walnut Park and Fairway Management responded to Webster's motion to dismiss the counterclaim.[1] (Doc. 25). The Court addresses each motion in turn.

## I. LEGAL STANDARDS

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's . . . complaint alone is legally sufficient to state a claim for which relief may be granted." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1135 (10th Cir. 2014) (internal citations omitted). A complaint is legally sufficient only if it contains factual allegations such that it states a claim to relief that "is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal citations omitted) (alteration original). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* For the purpose of making the dismissal determination, a court must accept all the well-pleaded factual allegations of the complaint as true, even if doubtful, and must construe the

---

[1] The Court notes that only Walnut Park filed a counterclaim (Docs. 11, 14), but the response to Webster's motion to dismiss the counterclaim was filed by Walnut Park and Fairway Management, (Doc. 25). Although Fairway management joined in response to Webster's motion to dismiss, the Court will nevertheless assume that the only party seeking relief in the counterclaim is Walnut Park.

allegations in the light most favorable to the plaintiff. *See Twombly*, 550 U.S. at 555; *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007).

Parties may also seek dismissal of a complaint by challenging subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). Rule 12(b)(1) motions generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based. *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1148 n.4 (10th Cir. 2015). In a factual attack, as here, the moving party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends, and the court may not presume the truthfulness of the pleading's factual allegations. *Inst. for Just. v. Laster*, 432 F. Supp. 3d 1350, 1354 (W.D. Okla. 2020). Courts have "wide discretion" to consider documents outside of the pleadings without converting the Rule 12(b)(1) motion to dismiss into a Rule 56 motion for summary judgment. *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1296 (10th Cir. 2003).

## II.  JES MOTION TO DISMISS

JES's chief point of dispute appears to be with Webster's use of a single paragraph detailing an alleged agency relationship among JES, Fairway, Management and Walnut Park, which contains little more than boilerplate recitals of the elements of an agency or joint venture relationship. (Doc. 12 at 3-6). In essence, JES argues that, not only does the complaint's factual allegations fail to underwrite the existence of a joint venture, but Webster makes no attempt to connect the actions of JES to any of her claims for relief. (*Id.*) JES cites the fact that Walnut Park is a limited partnership, and public records show that JES and Walnut Park are—at most—limited partners, which, JES states, would preclude it from liability under Missouri Law. (*Id.* at 6).

The pleading requirements under Fed. R. Civ. P. 8 do not demand specific facts, as JES suggests; rather, the "statement need only give the defendant fair notice of what the . . . the claim is and the grounds upon which it rests." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (alteration original)). Although the complaint leaves something to be desired in terms of specificity regarding each element of agency or a joint venture, there is no confusion about the legal theory on which Plaintiff asserts liability against JES. Plaintiff believes that JES is either the parent company of, or joint venturer with, Fairway Management; and that JES, Fairway Management, and Walnut Park are agents of each other in the management of Walnut Park Manor Apartments. (Doc. 2 at 5). The Court cannot say that Plaintiff's allegations regarding JES "are sufficiently fantastic to defy reality as we know it." *Iqbal*, 556 U.S. at 696 (Souter, J., dissenting). Moreover, if JES wishes to defend against Plaintiff's claims by proving that no such relationship exists, it "presumably has the information necessary to do so." *Capers v. Samson Dental Partners LLC*, No. 18-2531-JAR-TJJ, 2019 WL 858749, at *3 (D. Kan. Feb. 22, 2019) (denying motion for more definitive statement, even where complaint failed to plead any facts related to specific element of claim). While JES has already endeavored to prove that no agency relationship exists, these are fact-based issues that are more properly addressed on summary judgment after the close of discovery. Accordingly, JES's motion to dismiss (Doc. 12) is DENIED.

### III. WEBSTER'S MOTION TO DISMISS COUNTERCLAIM

#### A. RULE 12(b)(1) MOTION TO DISMISS

Webster challenges this Court's subject matter jurisdiction over Walnut Park's counterclaim by arguing that the case is moot and no longer presents a live controversy. (Doc. 21 at 8-9). Specifically, Webster premises her Rule 12(b)(1) challenge on the fact that Walnut Park's

allegations relate to conduct that occurred under expired lease agreements, and Walnut Park continued to accept rent from Webster and even renewed her lease in 2022. (*Id.* at 9). In so doing, Webster argues, Walnut Park "acquiesced in the [breaching] conduct and waived its right to sue for damages associated with the conduct." (*Id.*) Thus, Webster concludes, Walnut Park's "claim for breach of contract is not live [and] the Court must dismiss the same for want of jurisdiction." (*Id.*)

As a preliminary matter, the Court notes that Webster herself stipulated to this Court's jurisdiction, as is reflected in the parties' joint status report. (Doc. 28 at 3). More to the point, however, Webster appears to conflate the affirmative defenses of waiver and acquiescence with the constitutional doctrine of mootness. Whereas the "crucial question" for mootness "is whether granting a present determination of the issues . . . will have some effect in the real world," *Smith v. Becerra*, 44 F.4th 1238, 1247 (10th Cir. 2022) (quoting *Citizens for Responsible Gov't State Political Action Comm. v. Davidson*, 236 F.3d 1174, 1182 (10th Cir. 2000)), waiver is a specifically enumerated affirmative defense under Fed. R. Civ. P. 8(c)(1) and applies when a party intentionally relinquishes a known right. *Cont'l Ins. Co. of N.Y. v. Hall*, 137 P.2d 908, 911 (Okla. 1943). Given that Webster argues that Walnut Park's acquiescence to her conduct effectively waived its right to sue for breach of contract (Doc. 21 at 8), the issue Webster is pressing clearly relates to an affirmative defense, rather than a jurisdictional defect. Accordingly, Webster's motion to dismiss for lack of subject matter jurisdiction is DENIED.

## B. RULE 12(b)(6) MOTION TO DISMISS

In the alternative, Webster urges dismissal pursuant to Rule 12(b)(6) under the doctrine of res judicata. (Doc. 21 at 9-11). Additionally, Webster seeks partial dismissal of Walnut Park's

declaratory judgment claim insofar as it seeks judgment for claims predating the date on which the parties executed the 2022 lease agreement.[2] (*Id.* at 11-12).

With respect to collateral estoppel and res judicata, Webster states that she obtained a favorable judgment against Walnut Park in the District Court of Creek County, Oklahoma on November 10, 2021 (Case No. SC-2021-431). Specifically, Walnut Park filed a forcible entry and detainer action in Creek County District Court on September 23, 2021, alleging that Webster owed $949.84 for "unpaid rent." (Doc. 21-3). A trial on the merits of Walnut Park's petition was held, and at the conclusion of the trial, the district judge ruled, in relevant part, "JUDGMENT TO [WEBSTER] FOR CREDIT OF PAYMENTS FROM 01-01-2021 TO 11-10-21." (Doc. 21-4 at 2). To that end, Webster requests this Court to find that Walnut Park is precluded from bringing a breach of contract claim related to any possible conduct dating before Walnut Park brought suit and any breach of contract claim that predates the effective date of the parties' 2022 lease agreement. (Doc. 21 at 9-12). For its part, Walnut Park concedes that its breach of contract claim makes no attempt to "relitigate an issue that was determined by the Creek County Court;" however, it nevertheless maintains that the judgment does not address the water and sewer charges. (Doc. 25 at 11).

At the outset, the Court notes that the parties' motions and responses each contain no less than four pages of factual allegations, many of which are in dispute. While the parties agree that there was a trial on the merits for unpaid rent in Creek County District Court, they do not agree on

---

[2] The 2022 lease agreement specifies that the term of the lease commences on January 1, 2022; however, the parties did not sign the lease until March 31, 2022. (Doc. 21-5 at 1, 11). Webster maintains that the lease did not become effective until March 31, 2022, while Walnut Park counters that the Court should adopt the unambiguous terms of the lease contract. (Docs. 21 at 12; 24 at 11). The parties vigorously dispute the reason why the signing was delayed as well as the legal consequence of the discrepancy.

the preclusive effect of that judgment. In arguing the scope of the Creek County judgment's preclusive effect, Webster cites only federal cases and Walnut Park cites only Oklahoma cases—and neither party briefed the Court on which law applies. Moreover, with respect to the effective date of the lease agreement, the parties offer competing facts about why they waited until March to sign an agreement that became effective in January, and they offer scant—if any—legal analysis about when the agreement should become legally operative. Suffice to say, the issues raised in Webster's motion to dismiss are not adequately presented and briefed for the Court to resolve at this point in the litigation. Thus, although the Court does not foreclose on the issues raised in it, Webster's motion to dismiss Walnut Park's counterclaim pursuant to Rule 12(b)(6) (Doc. 21) is DENIED.

## IV.  CONCLUSION

For the reasons stated above, Defendant JES's motion to dismiss (Doc. 12) is **DENIED**, and Plaintiff Webster's motion to dismiss Defendant Walnut Park's counterclaim (Doc. 21) is **DENIED**.

**SO ORDERED** this 25th day of September 2023.

TERENCE C. KERN
United States District Judge