IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

STEPHANY WEBSTER,

        **Plaintiff,**

v.

FAIRWAY MANAGEMENT, INC.,
WALNUT PARK MANOR, L.P.,
JES HOLDINGS, LLC,

        **Defendants.**

Case No. 22-cv-239-JFH

## OPINION AND ORDER

Before the Court is Defendants' Motion for in Limine. Dkt. No. 64. The motion has been fully briefed and is ripe for consideration.

Defendant seeks to preclude Plaintiff from testifying that her heart condition was caused by her difficulties with Defendants. For the reasons set forth below, Defendants Motion is granted.

**ANALYSIS**

**I.    Standard of review; law applicable.**

"The purpose of a motion in limine is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to the issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Mendelsohn v. Sprint/United Management Co.*, 587 F.Supp.2d 1201, 1208 (D. Kan. 2008) *aff'd,* 402 Fed.App'x 337 (10th Cir. 2010) (quotation and citation omitted). In many instances, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in the proper context. *Id.* A court will generally not grant a motion *in limine* unless the moving party meets its burden of showing that the evidence in question is clearly inadmissible on *all* potential

grounds." *Tulsa Zoo Management, Inc. v. Peckham Guyton Albers & Viets, Inc.*, No. 17-CV-644, 2019 WL 1562147, at *1 (N.D. Okla. Mar. 5, 2019) (citation and quotation omitted).

**II.     Defendant's Motion in Limine is Granted.**

Plaintiff testified at her deposition, and apparently would so testify if given the opportunity at trial, that her heart condition (atrial fibrillation) was caused because of her difficulties in dealing with Defendants. Dkt. No. 64 at 1-2. Defendants contend that such testimony amounts to medical causation testimony and may only be offered by a properly qualified expert witness under Fed. R. Evid. 702. Plaintiff argues, however, that she only seeks to testify about the onset of her medical condition and her "personal beliefs" about the condition. Dkt. No. 69 at 2. Defendants are correct, as explained below. Though Plaintiff may testify as to her own personal experiences and sensations, the law is clear that she cannot testify that Defendants' conduct caused her complained of medical condition.

### A. Plaintiff seeks to testify as to the medical causation of her heart condition; such an opinion may only be offered by an expert witness.

Taken together, Federal Rules of Evidence 701 and 702 provide that, if opinion testimony is to be based on "scientific, technical, or other specialized knowledge" then such opinion testimony may only be rendered by an expert qualified under Rule 702. Regarding medical causation – that is, opinion testimony that some action caused a medical consequence for plaintiff – the Tenth Circuit has written:

> It is uniformly held that where injuries complained of are of such character as to require skilled and professional persons to determine the cause and extent thereof, they must be proved by the testimony of medical experts, but, that a lay witness is competent to testify concerning those physical injuries and conditions which are susceptible to observation by an ordinary person.

*Franklin v. Shelton,* 250 F.2d 92, 97 (10th Cir.1957); see also, *Zartner v. Miller*, 760 F. App'x 558, 563-64 (10th Cir. 2019) (unpublished) ("when an injury lacks an obvious origin and

2

multiple causes are possible, expert medical testimony is necessary to prove causation…."); *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1221 (D. Kan. 2007) (Plaintiff would not be permitted to testify that use of medication caused certain side effects); *Lynch v. L'Oreal USA S/D, Inc.*, No. 11-CV-01343-RBJ-MWJ, 2012 WL 4356231, at *4 (D. Colo. Sept. 24, 2012) (Plaintiff not qualified to testify as to cause of her facial injuries).

Plaintiff's heart condition is not the sort of condition the cause of which is readily understandable by a layman or "susceptible to observation by an ordinary person"; rather, it is a complex disorder the etiology of which is likely complex and multifaceted. *Shelton,* 250 F.2d at 97.

IT IS THEREFORE ORDERED that Defendants' Motion in Limine is GRANTED in accordance with the foregoing opinion; no lay witness, including Plaintiff, may testify regarding the causal relationship between Plaintiff's tenancy at Walnut Park Manor and Plaintiff's heart condition.

Dated this 7th day of March, 2025

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE