IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

STEPHANY WEBSTER,

    **Plaintiff,**

v.

FAIRWAY MANAGEMENT, INC.,
WALNUT PARK MANOR, L.P.,
JES HOLDINGS, LLC,

    **Defendants.**

Case No. 22-CV-239-JFH-SH

## OPINION AND ORDER

Before the Court is a Motion to Dismiss Counterclaims ("Motion") filed by Defendant/Counterclaim Plaintiff Walnut Park Manor, L.P. ("Defendant Walnut Park"). Dkt. No. 95. The Motion asks the Court to dismiss the pending counterclaims against Plaintiff Stephany Webster ("Plaintiff") pursuant to Federal Rule of Civil Procedure 41(a)(2) without prejudice to refiling. *Id*. Plaintiff filed an objection to the Motion. Dkt. No. 97. While Plaintiff appears to agree that the counterclaims should be dismissed, she asserts that they should be dismissed *with* prejudice to refiling based on theories of res judicata and estoppel. *Id*. at 2. Defendant Walnut Park filed a reply. Dkt. No. 98. This matter is now ripe for decision.

On June 2, 2022, Plaintiff filed her complaint asserting claims against Defendant Fairway Management, Inc., Defendant JES Holdings, LLC, and Defendant Walnut Park thereby initiating this action. Dkt. No. 2. Defendant Fairway Management, Inc. and Defendant Walnut Part filed a joint answer, wherein Defendant Walnut Park also asserted two state law counterclaims against Plaintiff for breach of contract and declaratory ruling. Dkt. No. 11. The Court's jurisdiction over the state law claims was based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). *Id*. at 10. On October 28, 2025, the Court entered an order granting Defendants' motion

for summary judgment in Defendants' favor on all Plaintiff's claims. Dkt. No. 90. Defendant Walnut Manor's state law counterclaims remain pending, and Defendant Walnut Manor now seeks to dismiss them. Dkt. No. 95.

The Tenth Circuit has made clear that when a district court dismisses all federal claims, it typically should decline to exercise supplemental jurisdiction over state law claims. *See I Dig Texas, LLC v. Creager*, 98 F.4th 998, 1012 (10th Cir. 2024) ("The 'district court should normally dismiss supplemental state law claims after all federal claims have been dismissed, particularly when the federal claims are dismissed before trial.'" (quoting *Foxfield Villa Assocs., LLC v. Robben*, 967 F.3d 1082, 1103 (10th Cir. 2020))). Although, the decision is ultimately committed to the district court's sound discretion. *Exum v. U.S. Olympic Comm.*, 389 F.3d 1130, 1138–39 (10th Cir. 2004).

This Court, recognizing its discretion, declines to exercise supplemental jurisdiction over Defendant Walnut Park's surviving state law claims. The Court finds no compelling reason to depart from the Tenth Circuit's general directive, especially where, here, Defendant Walnut Park and Plaintiff agree that dismissal of the pending state law claims is warranted.

The Court also finds that dismissal of the counterclaims should be without prejudice to refiling. It is well-settled that "dismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is incapable of reaching a disposition on the merits of the underlying claims." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006). Because the Court has declined to exercise supplemental jurisdiction, the Court lacks jurisdiction over the remaining counterclaims in this case. Accordingly, the dismissal of the counterclaims should be without prejudice. For this reason, the

Court also overrules Plaintiff's objection and declines to consider her arguments regarding res judicata and estoppel.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant/Counterclaim Plaintiff Walnut Park Manor, L.P.'s Motion to Dismiss Counterclaims [Dkt. No. 95] is GRANTED, Plaintiff's objection [Dkt. No. 97] is OVERRULED, and Defendant/Counterclaim Plaintiff Walnut Park Manor, L.P.'s remaining counterclaims are hereby DISMISSED WITHOUT PREJUDICE.

Dated this 15th day of January 2026

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE